■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DOMINICK DE RUGGIERO, Appellant.— Appeal by defendant from a judgment of the County Court, Westchester County, rendered November 19, 1963 after a jury trial, convicting him of burglary in the third degree and grand larceny in the first degree, and imposing sentence. Judgment reversed on the law and in the interests of justice and a new trial granted. No questions of fact were considered. Defendant was convicted solely on evidence of an alleged accomplice and on the basis of alleged admissions made by defendant while in police custody. A detective was permitted to testify at the trial that, when the alleged accomplice confronted defendant at Police Headquarters and identified him as having been present at the scene of the burglary, the defendant did not deny it. The court refused an immediate request by defense counsel to instruct the jury that defendant had no duty to deny anything and in the charge the court reminded the jury that the detective had testified to the accusation by the alleged accomplice and to defendant's failure to deny it. Such an error may not always result in a new trial (see People v. Bianculli, 9 N Y 2d 468), but the circumstances here convince us that a new trial should be had. (People v. Travato, 309 N. Y. 382). Although the testimony was here given only once, the effect of the denial of defendant's request for an instruction together with the repetition in the charge of this testimony left the jury no alternative except to conclude that defendant should have denied the charge of his alleged accomplice. The record reveals that an hour before bringing in their verdict the jury requested the reading of the testimony as to what was said while defendant was being questioned by the police. We also note that a detective gratuitously referred to an incident in which defendant was involved as a juvenile and stated to the jury that defendant "said he got in trouble sometime ago." Considering the closeness of the case, the defendant must in the interest of justice be accorded a new trial free of such prejudicial atmosphere as resulted from the two occurrences above set forth. Beldock, P. J., Ughetta, Christ, Hill and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANK N. EHLERS, Appellant.— In a coram nobis proceeding, defendant appeals from an order of the Supreme Court, Queens County, entered February 24, 1965, which denied, without a hearing, his application to vacate a judgment of the former County Court, Queens County, rendered June 15, 1960 on his plea of guilty, convicting him of robbery in the second degree and imposing sentence. Order affirmed. (See People v. Dash, 16 N Y 2d 493.) Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.